IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY A. CARUTHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00498 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, *in its official capacity*, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Ricky A. Caruthers, an inmate of the Grayson County Detention Center in Leitchfield, Kentucky, filed this pro se action under 42 U.S.C. § 1983 against the United States Department of Justice ("DOJ"), alleging that Plaintiff has been wrongfully designated and sentenced as an Armed Career Criminal. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.  Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.  Alleged Facts

The complaint alleges that, in the case of *United States v. Caruthers*, 458 F.3d 459 (6th Cir. 2006), the Court designated Plaintiff as an Armed Career Criminal and sentenced him to an "unconstitutional illegal sentence, one not authorized by law, a grossly disproportionate sentence." (Doc. No. 1 at 4). According to the complaint, the erroneous Armed Career Criminal designation violated Plaintiff's Sixth, Eight, and Fourteenth Amendment rights (*id*. at 3) because it resulted in

2

a sentence of 180 months instead of 70-87 months (*Id*. at 5). As relief, Plaintiff seeks $20,000 per year for each year that exceeded the sentence to which he believes he was entitled. (*Id*. at 5).[1]

IV.   **Analysis**

The complaint names only one Defendant: the DOJ. It is well-settled that, as an agency of the United States Government, the DOJ may not be subject to suit under Section 1983 under the doctrine of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002); *Matthews v. City of Memphis*, No. 2:14-cv-02094-JTF-egc, 2014 WL 3049906, at *7 (W.D. Tenn. July 3, 2014) ("As to the United States Department of Justice, it is well-settled that, as an agency of the United States Government, it may not be subjected to suit under Section 1983 under the doctrine of sovereign immunity.").

Plaintiff's complaint against the DOJ is in effect a suit against the United States, as the relief sought would in fact operate against the United States. *Id*. Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Therefore, Plaintiff's Section 1983 claims against the DOJ fail to state a claim upon which relief can be granted, and the claims must be dismissed.

---

[1]   The Court notes that Plaintiff presently is pursuing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in which he challenges his qualification as an Armed Career Criminal. *See Ricky A. Caruthers v. United States of America*, No. 3:18-cv-000821 (M.D. Tenn.) (Crenshaw, J.). The Sixth Circuit Court of Appeals granted Plaintiff leave to litigate a second or successive 28 U.S.C. § 2255 motion in order to pursue his claim that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Johnson v. United States*, 135 S. Ct. 2551 (2015); and *Descamps v. United States*, 570 U.S. 254 (2013), his two convictions for pre-1989 Tennessee third-degree burglary do not qualify as predicates for the Armed Career Criminal Act. (Order, Case No.18-5373, Aug. 30, 2018). On May 30, 2019, the United States filed a response in opposition to Plaintiff's Section 2255 motion. (No. 3:18-cv-000821, Doc. No. 26).

## V. Conclusion

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted under Section 1983, and this action will be dismissed.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

4